**In re Anonymous No. 115 D.B. 88**

Disciplinary Board Docket no. 115 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

BROWN, *Member,* February 7, 1990—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of

Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

Respondent, born in 1941, was admitted to practice law in the Commonwealth of Pennsylvania in 1966 and resides at [    ].

On January 12, 1988, a two-count indictment was filed in the United States District Court for the [    ] District of Pennsylvania at Criminal no. [    ]. Count I charged respondent with knowingly bringing into the United States from [    ] non-mailable material containing obscene, lewd, lascivious, indecent, filthy and vile articles, in violation of 18 U.S.C. §1462. Count II charged respondent with knowingly and willfully receiving, through the mail, visual depictions involving the use of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(2).

On June 27, 1988, respondent entered a plea of guilty to count I of the indictment. Upon motion of the assistant United States attorney, count II of the indictment was dismissed pursuant to a plea-bargain agreement.

On August 11, 1988, respondent appeared before the Honorable [A] of the United States District Court for the [   ] District of Pennsylvania for sentence. Respondent was sentenced to incarceration for eight months, with all but a period of two months suspended; placed on probation for a period of three years; ordered to pay a fine to the United States in the sum of $5,000; and ordered to pay a special

assessment of $50. On August 12, 1988, the District Court thereafter denied respondent's motion to stay and suspended respondent's privilege to practice law in the federal court for a period of six months beginning on December 1, 1988.

By order dated October 31, 1988, the Supreme Court of Pennsylvania immediately suspended respondent from the Bar of the Commonwealth of Pennsylvania, pursuant to Rule 214(d), Pa.R.D.E., and referred the matter to the Disciplinary Board, pursuant to Rule 214(f), Pa.R.D.E., for the institution of formal proceedings.

On November 29, 1988, the Office of Disciplinary Counsel filed a petition for discipline charging respondent's criminal conviction constituted a basis for discipline, pursuant to Rule 203(b)(1), Pa.R.D.E. Respondent filed his answer on December 27, 1988. A stipulation as to facts and admissibility of exhibits was executed by counsel.

On February 7, 1987, respondent filed a "motion for early termination of probation" in the United States District Court. By order dated March 9, 1987, United States District Court Judge [A] reduced the period of respondent's probation so that it is now set to terminate on May 1, 1990.

The matter was referred to Hearing Committee [ ] comprised of [ ] . A hearing was held on February 27, 1989. The hearing committee filed its report on September 19, 1989 in which the committee recommended that respondent's suspension be terminated.

On October 10, 1989, petitioner, the Office of Disciplinary Counsel, filed its brief on exceptions to the report of the hearing committee excepting to the hearing committee's recommendation that respondent's suspension terminate forthwith. Petitioner

contends that respondent's current probationary status warrants that respondent be suspended for the length of his probation.

On October 27, 1989, counsel for respondent filed a brief opposing exceptions in which respondent advocated adopting the committee's recommendation.

Thereafter, the matter was referred to board member Byrd R. Brown, Esq., for review and recommendation. The matter was adjudicated by the Disciplinary Board at its regularly scheduled meeting on December 8, 1989.

## FINDINGS OF FACT

Respondent, [    ], is 47 years of age. He resides at [    ] with his wife of 17 years, [    ], who is a second-grade school teacher in the [  ] School District. (N.T. 42).

Respondent earned his undergraduate degree from [    ] University, graduating magna cum laude in 1963. From there he entered [    ] Law School, earning his law degree in 1966. From 1966 to 1971 he worked as an associate attorney with the firm of [    ] in [    ] and, in 1971, took a position as associate corporate counsel with [B] Company. Respondent held this position until June 28, 1988, when he involuntarily resigned for reasons associated with the present prosecution. (N.T. 42-4, 66.)

Throughout the past 20-plus years of service to the legal profession, respondent has acted as a part-time instructor at [    ] University. He has served as solicitor for [    ] Township from 1970 to the present. He is admitted to practice law in Pennsylvania and the District of Columbia. He is a member of the [    ] County Bar Association and has

served on the Business, Banking, and Corporation Committees of that association. Further, from 1975 through 1986 respondent chaired the [ ] Law School Fund of [ ] Pennsylvania. He was a member, from 1972 to 1980, of the [ ] Committee, and has been a member since 1980 of the [ ] Committee.

Respondent's private life has always been marked by a devotion to intellectual pursuits. Respondent owns an extensive collection of written material which includes newspapers, business journals and literature, with an emphasis in the areas of science, mathematics and philosophy, and written material on art. Respondent also owns an exhaustive collection of music that ranges from classical to jazz. (N.T. 47-48.)

In addition to the above collection, respondent owns a private collection of sexually explicit materials which he has lawfully acquired and maintained since college. (N.T. 49.) While on a week-long business assignment in [ ] for his employer, [B] Company, respondent purchased materials with the intent of augmenting his private collection. Respondent purchased 36 sexually explicit magazines; 15 of these contained visual depictions of minors engaged in sexually explicit conduct. These magazines were publicly on sale at a bookstore near the hotel where respondent was staying. Respondent placed the magazines in four mailing envelopes, addressed them to his home in [ ] and mailed them prior to his departure from [ ]. (N.T. 51.)

United States Customs officials intercepted the mailings and reviewed the contents. After completing this review, the packages were once again placed in the mail and delivered to respondent's home. United States Customs agents then entered the home and confiscated the four packages (unopened)

as well as other materials legally possessed which led to respondent's conviction of importing obscene materials in violation of 18 U.S.C. §1462. (N.T. 57.)

## DISCUSSION

Respondent was convicted of importing obscene materials in violation of 18 U.S.C. §1462. This conviction is grounds for discipline pursuant to Rule 203(b)(1), Pa.R.D.E. Thus, the sole issue before this board is the appropriate measure of discipline. The hearing committee has recommended that respondent's suspension terminate forthwith. Respondent took no exception to the recommendation of the hearing committee. The Office of Disciplinary Counsel, which excepts to the committee's recommendation, contends that although it does not take the position that there is or should be a per se rule mandating the suspension of an attorney for the length of a criminal probation, suspension concurrent with probation is warranted here by virtue of the Supreme Court's interim suspension order and the District Court's six-month suspension order.

In accord with a recent disciplinary case, the board declines to adopt a per se rule requiring the imposition of a suspension concurrent with a probationary period. See *In re Anonymous No. 114 D.B. 88*, 5 D.&C. 4th 528 (1989). While the board is mindful of the need for consistency in the results of disciplinary cases, each case must be judged upon its own unique facts and circumstances. The Supreme Court of Pennsylvania, in rejecting the Office of Disciplinary Counsel's contention that a per se disbarment rule should be adopted for attorneys who commingle or convert client funds, stated:

"The position urged by Disciplinary Counsel would provide uniformity at the expense of the

discretion and fact-specific considerations needed to fashion appropriate discipline. The gravity of any disciplinary proceeding requires not only the presentation of all relevant facts but also our retention of the discretion necessary to evaluate those facts. Such discretion is incompatible with the per se rule urged by Disciplinary Counsel." *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983).

If a per se rule is adopted, the board would in essence forfeit its role to the judges imposing criminal sentences. Clearly, this is not the result intended by the Pennsylvania Supreme Court. In support of its contention that respondent's probationary status warrants suspension concurrent with probation, the Office of Disciplinary Counsel cites the language used by the board in *In re Anonymous No. 9 D.B. 84,* 34 D.&C. 3d 246 (1985). In that case the board stated that *"generally"* a person who is under sentence for probation should be suspended for periods concurrent with such sentence of probation. (emphasis supplied) However, the board specifically did not state or use the word "always," thus allowing for some circumstances where such a concurrent suspension would not be appropriate.

It is our duty to consider the events which surrounded the criminal conviction in order to determine the appropriate discipline. See generally, *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 338, 441 A.2d 1193 (1982). Where the disciplinary proceeding arises out of an attorney's conviction of a crime, our inquiry must focus on whether the attorney's character, as shown by his conduct, makes him unfit to practice law from the standpoint of protecting the public and the courts. *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 345 A.2d 616 (1975).

Respondent had purchased 36 sexually explicit magazines which were publicly sold at a bookstore near the hotel in which respondent was staying in [ ]. Respondent placed the magazines in four mailing envelopes addressed to his own home in [ ] and mailed them. Respondent purchased the materials with the sole intent of augmenting his private collection which he has lawfully acquired and maintained since college. Respondent in no way distributed, exhibited publicly or employed his collection for pecuniary gain. Respondent in no way was involved in producing such written material. Respondent's conduct did not adversely affect any clients or client-related matters. The underlying conviction did not involve dishonesty, fraud, deceit, misrepresentation, false swearing, bribery, extortion, misappropriation or theft. The issue of moral turpitude is at best arguable. Further, respondent has no prior history of discipline.

Respondent's honesty and trustworthiness has not been marred. Respondent has not lost the confidence of his professional associates. Respondent's former clients seek to employ his services. Attorneys from his community testified to respondent's good character and reputation.

## CONCLUSIONS OF LAW

Respondent's federal conviction of violating 18 U.S.C. §1462 constitutes a basis for this discipline pursuant to Rule 203(b)(1), Pa.R.D.E.

## RECOMMENDATION

In light of the foregoing, the Disciplinary Board recommends that respondent, [ ], be suspended for a period of three months from the date of the

decision of the hearing committee, September 19, 1989. The board recommends further that respondent be ordered to pay the cost of investigating and prosecuting this matter.

Messrs. Eckell and Schiller dissent and would recommend private reprimand.

Ms. Heh and Mr. Stoelker did not participate in the adjudication.

## ORDER

And now, October 3, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated February 7, 1990, it is hereby ordered that the interim suspension entered by this court on October 31, 1988, is terminated, and the matter is referred to the Disciplinary Board for the imposition of a private reprimand. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Papadakos files a dissenting opinion in which Mr. Justice Larsen joins.

## DISSENTING OPINION

PAPADAKOS, *J.*, October 4, 1990—I dissent. Respondent was an attorney held in high regard by his peers and associates and was looked upon as a role model in his community. He knowingly, purposefully, intentionally and recklessly disregarded the penal laws of the United States and thus placed himself above the law. This is an egregious violation of his oath of office as an attorney and he is not worthy to be trusted with the affairs of the general public.

As I stated in my dissenting opinion in the case of *Office of Disciplinary Counsel v. Robert B. Surrick,*

521 Pa. 264, 555 A.2d 883 (1989), "It follows that any person violating this oath or affirmation forfeits his office. For otherwise, the oath would be mere tapestry, meaningless and a cruel joke upon the citizenry of our Commonwealth who expect honor and integrity from all those persons of a public official nature in whom the public place their trust."

In my view the conduct of respondent in knowingly violating the laws of the United States with respect to sending child pornographic materials through the mails is so unforgivable that a rule should issue on respondent to show cause why he should not be disbarred.

Mr. Justice Larsen joins this dissent.